**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KAREN BLOOM,

    Plaintiff,

    v.

GENERAL MOTORS LLC,

    Defendant.

CIVIL ACTION NO. 3:CV-14-1903

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Stay Proceedings (Doc. 10) filed by Defendant General Motors LLC ("New GM"). Because the stay sought by New GM will be relatively short, will not prejudice the non-moving party, and will promote judicial economy, the motion to stay will be granted.

## I. Background

In June 2009, General Motors Corporation ("Old GM") filed Chapter 11 proceedings in the United States Bankruptcy Court for the Southern District of New York. (*Notice of Removal*, ¶ 7.) Through a bankruptcy-approved sale process pursuant to Section 363 of the Bankruptcy Code, New GM acquired various assets of Old GM. (*Id*.) Ultimately, the Bankruptcy Court approved the asset purchase in its Sale Order and Injunction. (*Id*.)

On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Thereafter, the JPML designated the United States District Court for the Southern District of New York as the MDL court. (*Id*. at Ex. B.)

Subsequently, on April 21, 2014, New GM moved to enforce the Sale Order and Injunction by requesting the Bankruptcy Court to direct plaintiffs in various cases alleging ignition switch defects to cease and desist from prosecuting their claims and dismiss those claims with prejudice. (*Id*. at ¶ 7.) That motion remains pending before the Bankruptcy

Court. (*Id.*)  The Bankruptcy Court determined, however, that while the motion is under consideration, plaintiffs in the ignition switch actions would either agree to stay the actions they brought elsewhere or file with the Bankruptcy Court a "No-Stay Pleading" setting forth why they believed that their Ignition Switch Actions should not be stayed.

On September 5, 2014, Plaintiff Karen Bloom ("Bloom") filed a Complaint against New GM in the Court of Common Pleas of Luzerne County, Pennsylvania alleging violations of the Pennsylvania Lemon Law, the Magnuson-Moss Warranty Act, the Pennsylvania Uniform Commercial Code, and the Pennsylvania Unfair Trade Practices and Consumer Protection Act. (*Compl.*)  On September 30, 2014, New GM removed this action to this Court pursuant to 28 US.C. §§ 1441(a) and 1452(a). (*Notice of Removal.*) And, on October 3, 2014, New GM gave notice to the JPML of this case as a tag-along action. (Doc. 11, Ex. F.) The JPML subsequently issued an Order conditionally transferring the case to the MDL, and Bloom filed an opposition to the Conditional Transfer Order.

On October 10, 2014, Bloom filed a Motion to Remand this action to the Court of Common Pleas of Luzerne County. (Doc. 8.) And, on October 20, 2014, Bloom filed a "No-Stay Pleading" with the Bankruptcy Court. (Doc. 11, Ex. E.)  The Bankruptcy Court addressed Bloom's "No-Stay Pleading" on November 10, 2014, holding that "Ms. Bloom's action remains stayed." (Doc. 16, Ex. 1.)  However, the Bankruptcy Court deferred final determination on Bloom's pleading. (*Id.*)

New GM filed the instant motion to stay on October 24, 2014. (Doc. 10.)  In its motion, New GM argues that staying the action will promote judicial economy, that the balance of harms weighs in favor of a stay, and that the stay requested will be of a short duration and last no longer than is needed for the JPML to finalize its transfer determination. (Doc. 11.) Bloom timely filed her brief in opposition to the request for a stay on October 31, 2014 (Doc. 14), and New GM filed a reply brief in further support of its motion on November

14, 2014. (Doc. 16.)  The motion to stay is now fully briefed and ripe for disposition.

## II. Discussion

In the matter *sub judice*, New GM requests to temporarily stay these proceedings until the JPML issues a final order deciding whether to consolidate this action with other related actions in the Southern District of New York and the Bankruptcy Court issues a final order on Bloom's No-Stay Pleading and decides New GM's Motion to Enforce.  It is well-established that "[a] United States district court has broad power to stay proceedings." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of North America, AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).  Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).

Moreover, "[c]ourts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters." *Pennsylvania ex rel. Kane v. McGraw-Hill Cos.*, No. 13-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013).  "In analyzing a motion to stay, the court must consider the following three factors: (1) the length of the stay; (2) the potential injury or hardship to either party; and (3) the opportunity to simply the issues and promote judicial economy." *Id*. at *2 (citations omitted); *see also Stark v. Pfizer*, No. 14-1488, 2014 WL 2938445, at *2 (N.D. Cal. June 27, 2014) ("In determining whether a stay is warranted pending transfer by the JPML, courts consider the '(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.'").

New GM's motion for a stay will be granted.  For one, Bloom has failed to address or respond to New GM's contention (and citation to authority) supporting the imposition of

a stay pending determination by the JPML. Furthermore, the factors relevant to determining whether a stay is warranted weigh in favor of granting New GM's motion. First, the length of the stay will be short, as it will last no longer than necessary for the JPML to make a transfer determination. Second, the balance of harms to the parties weighs in favor of a stay. Specifically, because the stay will not last for an extended period, Bloom will suffer little, if any, prejudice from a stay. New GM, conversely, faces the potential for a duplication of efforts and resources if the stay is not granted, as this case involves many of the same questions and issues raised in other ignition switch actions pending in the MDL and the Bankruptcy Court. Third, as other courts have noted in these ignition switch actions, a stay will promote judicial economy and consistency in decision making. *See People of the State of California v. Gen. Motors LLC*, No. 8:14-cv-1238, ECF No. 35 (C.D. Cal. Sept. 19, 2004); *Maciel v. Gen. Motors LLC*, No. 4:14-cv-1339, ECF No. 39 (N.D. Cal. Apr. 22, 2014).[1] Accordingly, New GM's motion to stay will be granted.

      An appropriate order follows.

January 12, 2015                                /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                          United States District Judge

---

[1] While Bloom's remand motion remains pending, other courts in these ignition switch actions have granted stays notwithstanding outstanding remand motions. *See, e.g.*, *People of the State of California v. Gen. Motors LLC*, No. 8:14-cv-1238, ECF No. 35 (C.D. Cal. Sept. 19, 2004); *Green v. Gen. Motors LLC*, No. 1:14-cv-0107, ECF. No. 24 (M.D. Tenn. Sept. 2, 2014); *Sumners v. Gen. Motors LLC*, No. 1:14-cv-0070, ECF No. 8 (M.D. Tenn. June 17, 2014).